NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-11-0001036
13-JUN-2014
08:26 AM

NO. CAAP-11-0001036

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


ANTHONY W. LUI, Claimant-Appellee,
v.
WAIKIKI BUSINESS PLAZA, Employer-Appellee,
and
LIBERTY MUTUAL INSURANCE COMPANY,
Insurance Carrier-Appellee,
vs.
EMERSON M.F. JOU, M.D., Appellant


APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2009-312 (2-99-13848))


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Fujise and Leonard, JJ.)


Appellant Emerson M.F. Jou, M.D. (Dr. Jou) appeals from the Decision and Order filed by the Labor and Industrial Relations Appeals Board (LIRAB) on November 29, 2011. In its Decision and Order, the LIRAB dismissed Dr. Jou's appeal from the October 10, 2000, decision of the Director of the Department of Labor and Industrial Relations (Director) as untimely. We affirm the LIRAB's Decision and Order.

I.

On October 10, 2000, the Director issued a decision in a cost review billing dispute between Dr. Jou and Employer/Insurance Carrier Waikiki Business Plaza/Liberty Mutual

Insurance Company over services provided by Dr. Jou to a workers' compensation claimant. On that same date, a copy of the Director's decision was sent to the parties. Over eight years later, Dr. Jou, on March 23, 2009, appealed the Director's October 10, 2000, decision to the LIRAB. On November 11, 2011, the LIRAB dismissed the appeal, concluding that it was untimely filed.

                                    II.

On appeal, Dr. Jou contends that the LIRAB erred by: (1) dismissing his appeal and refusing to apply Jou v. Hamada, 120 Hawai'i 101, 201 P.3d 614 (2009) retroactively; and (2) refusing to grant his motion to consolidate.

We resolve Jou's arguments as follows:

(1) The LIRAB did not err in dismissing Dr. Jou's appeal as untimely. Under Hawaii Revised Statutes (HRS) § 386-87(a) (1993), Dr. Jou had twenty days after the copy of the Director's decision was sent to the parties on October 10, 2000, to appeal the Director's decision to the LIRAB. Dr. Jou did not appeal the Director's decision until March 23, 2009.

Dr. Jou's appeal to this court does not turn on whether Jou v. Hamada should be applied retroactively, but on whether Dr. Jou timely filed a notice of appeal from the Director's decision with the LIRAB. Dr. Jou could have judicially challenged the no-appeal provision of Hawai'i Administrative Rules § 12-15-94(d) by filing an action for declaratory relief to invalidate the provision, as he did in Jou v. Hamada, or by timely appealing the Director's decision to the LIRAB and then seeking judicial review of any decision of the LIRAB dismissing the appeal. See Martin v. Green Magic, Inc., No. 29234 2009 WL 1090370 (Hawai'i App. Apr. 23, 2009). Jou v. Hamada is distinguishable and does not support Dr. Jou's claim that the LIRAB erred in dismissing his appeal. Alverez v. Kyo-Ya, Inc., No. CAAP-11-0001034, 2012 WL 5288759, at *1 (Hawai'i App. Oct. 25, 2012), cert. denied, No. SCWC-11-0001034, 2013 WL 214844 (Hawai'i Jan. 18, 2013).

                                     2

(2) Because we conclude that the LIRAB did not err in dismissing Dr. Jou's appeal as untimely, we do not address his argument that the LIRAB erred in refusing to grant his motion to consolidate.

III.

We affirm the LIRAB's Decision and Order.

DATED: Honolulu, Hawai'i, June 13, 2014.

On the briefs:

Stephen M. Shaw
for Appellant

Chief Judge

Associate Judge

Associate Judge